Farris Bros. & Co., Appellants, v. P. R. R. Co.

124

Argued October 29, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Geo. G. Fay,* and with him *Millard K. Goe* and *Frank A. Chalmers,* for appellant.—The sufficiency of the

number of icing stations should be passed upon by the court sitting as a jury: Conrad-Schopp Fruit Company v. Pittsburgh Railway Company, 43 Pa. Superior Ct. 481.

*Chas. Woods Coulston,* and with him *J. Howard Rhoads,* for appellee.—The number of icing stations required is an administrative question and within the jurisdiction of the Interstate Commerce Commission: Mitchell Coal and Coke Company v. Pennsylvania Railroad Company, 230 U. S. 247; Loomis v. Lehigh Valley Railway Company, 240 U. S. 50.

OPINION BY KELLER, J., January 29, 1930:

This was an action of trespass to recover the damages sustained by plaintiffs through defendant's negligence in failing properly to ice and refrigerate a car of peaches shipped from West Moorestown, N. J., to Charleston, W. Va. The case was tried by a judge without a jury, who found that defendant had not been guilty of negligence in icing the car, and entered judgment in its favor.

The shipment was an interstate one. Congress has definitely committed regulation of interstate commerce to the Interstate Commerce Commission and provided that the term, "transportation" as used in the act shall include all services in connection with the "refrigeration or icing ...... of property transported." U. S. Code, Title 49, Sec. 1 (3). The whole subject of refrigeration in transportation is of comparatively modern origin and is covered by the rules of the commission. The bill of lading was in the form prescribed by the commission and gave notice on its face that the car contained perishable freight and had been loaded by the shipper, not by the railroad company. The shipper's instructions as regards refrigeration were noted on the bill of lading, "Car under Standard Refrigeration re-ice to capacity at all regular icing sta-

tions." This, also, was in accordance with the rules and regulations of the Interstate Commerce Commission.

The testimony established that the car was iced to capacity (9600 lbs.) at Pavonia, N. J., on August 28, 1925, at 4:45 P. M., and delivered to the shipper for loading; that it moved out of West Moorestown, N. J., on August 29th about 1:38 P. M., was re-iced to capacity by adding 3600 lbs. of ice at Pavonia, N. J., on August 29th at 5:10 P. M.—was re-iced to capacity at Huntingdon, Pa., by adding 3000 lbs. of ice on August 30th at 4:14 P. M. It was delivered to the Baltimore & Ohio Railroad at Millvale and re-iced to capacity by it at Connellsville, Pa., by adding 4200 lbs. of ice on September 1st at 10:30 P. M. It was received at Charleston, W. Va., on September 3d at 8:40 P. M. and delivered to the plaintiffs next morning between nine and eleven o'clock at which time the bunkers were two-thirds full of ice.

From these facts the learned court below found that the plaintiffs had not shown the defendant to have been negligent in icing the car. It had filled the bunkers to capacity at every regular icing station between the point of shipment and the place of delivery. Having done so we think the court below was justified in its finding.

Plaintiffs' seventh request for findings of law would practically have made defendant an insurer of the perfect condition of perishable produce at delivery. That is not the measure of its responsibility as respects perishable goods. The rule is stated in Corpus Juris, Vol. 10, p. 122 to be: "With respect to perishable goods which themselves contain the elements of destruction governing their loss or deterioration, the carrier is not an insurer, and is no more liable for destruction or injury resulting solely from the inherent infirmity in the goods than for loss entailed solely by

an act of God or of the public enemy, or by the carelessness of the shipper.'' It is only liable if such deterioration is attributable in any way to its negligence. Ibid; Phila. B. & W. R. Co. v. Diffendahl, 109 Md. 494, 72 Atl. 193, 458, p. 196. Appellant contends that because the fruit was overripe when it reached its destination the court was obliged to find that there were too few icing stations on the way, and that the defendant was guilty of negligence; but this does not necessarily follow. It was not claimed that the shipment was unreasonably delayed in transit. The bunkers were two-thirds full when the car was delivered and never had less than 5400 lbs. or nine-sixteenths capacity. The number of icing stations which a railroad company must have is an administrative matter peculiarly within the regulation and control of the Interstate Commerce Commission, and not a matter for primary decision by the courts. The plaintiffs produced no evidence of negligence beyond the overripe condition of the peaches at delivery. The court below found, with the same effect as the verdict of a jury, that the defendant had fulfilled its obligations under the bill of lading and had not been negligent. A careful study of the evidence in the light of all the authorities, has not convinced us that there was reversible error in the finding.

The assignments of error are overruled and the judgment is affirmed.